## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YANIRA BENITEZ BARRETO                    :        CIVIL ACTION
                                          :
                                          :
                                          :
                                          :
              v.                          :
                                          :
                                          :
ANGEL DIAZ and the CITY OF HARRISBURG  :
              Defendants.                 :

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendants, Angel Diaz and City of Harrisburg, file this Notice of Removal under 28 U.S.C. §1441 to remove this civil action from the Court of Common Pleas of Dauphin County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania.  In support of removal, defendants aver the following:

1.      This action was commenced by Yanira Benitez Barreto by filing a writ of summons in the Court of Common Pleas of Dauphin County, Pennsylvania, captioned and docketed as *Yanira Benitez Barreto v. Angel Diaz, Harrisburg Police Bureau and City of Harrisburg* at No. 2021-CV-4718.  A copy of the writ of summons is appended hereto as Exhibit "A."

15046325-1

2.      On July 19, 2021, Yanira Benitez Barreto filed a complaint in the Court of Common Pleas of Dauphin County, Pennsylvania naming only Angel Diaz and City of Harrisburg as defendants.  A copy of the complaint is appended hereto as Exhibit "B."

3.      Defendants' counsel received the complaint by email and by First Class mail on July 20, 2021.

4.       Yanira Benitez Barreto brings this action under 42 U.S.C. § 1983 alleging violations of her Fourth and Fourteenth Amendment rights on claims of use of excessive force, false arrest and malicious prosecution and a state law claim for assault and battery.

5.      This action arises under the Constitution, laws, or treaties of the United States and falls within this court's original subject matter jurisdiction under 28 U.S.C. § 1331.

6.      In accordance with 28 U.S.C. § 1446(b), this notice of removal is filed within thirty days of defendants' receipt of the complaint which is the initial pleading setting forth the claim for relief upon which this action is based.

15046325-1

WHEREFORE, Angel Diaz and the City of Harrisburg, respectfully request that the filing of this Notice of Removal effect the removal of this civil action from the Court of Common Pleas of Dauphin County to this Court.

RAWLE & HENDERSON LLP

By: _____

Fred B. Buck
Gary N. Stewart
Inder D. Paul
Attorneys for Defendants,
Angel Diaz, the Harrisburg
Police Bureau and the City of
Harrisburg

Date: August 10, 2021

15046325-1

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Notice of Removal was served upon all counsel of record and unrepresented parties pursuant to the Rules of Civil Procedure on the date indicated below:

> Roger Laguna, Esq.
> Laguna, Reyes Maloney, LLP.
> 1119 N. Front Street
> Harrisburg, Pa. 17102

RAWLE & HENDERSON LLP

By:_____
    Fred B. Buck
    Gary N. Stewart
    Inder D. Paul
    Attorneys for Defendants,
    Angel Diaz and the City of Harrisburg

Dated:  August 10, 2021

15046325-1

# EXHIBIT "A"

7040958-3

COPY



## COMMONWEALTH OF PENNSYLVANIA
## COURT OF COMMON PLEAS
## DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| YANIRA BENITEZ BARRETO<br>Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | NO 2021-CV 4718-CV |
| | § | |
| ANGEL DIAZ, the HARRISBURG<br>POLICE BUREAU, and the CITY<br>OF HARRISBURG,<br>Defendants | §<br>§<br>§<br>§<br>§ | JURY TRIAL DEMANDED |

### PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONOTARY OF SAID COURT:  Please issue a Writ of Summons on the above-named Defendants at the following addresses:

Angel Diaz
10 N. Second St.
Harrisburg, PA 17101

City of Harrisburg
10 N. Second St.
Harrisburg, PA 17101

Harrisburg Police Bureau
10 N. Second St.
Harrisburg, PA 17101

May 28, 2021

Roger R. Laguna, Jr., Esquire
Supreme Court I.D. No.: 75900
Attorney for Plaintiff

### WRIT OF SUMMONS

To the above-named Defendants:  You are hereby notified that the above-named Plaintiff has commenced an action against you.

*Matthew R. Krepp*
Prothonotary

By: _____, on: MAY 28 2021 .

Deputy                                    Date

TRUE COPY ATTESTED

SHERIFF OF DAUPHIN CO., PA.

MAY 2 8 2021

I hereby certify that the foregoing is a
true and correct copy of the original
filed.

Prothonotary

DAUPHIN COUNTY
SHERIFF'S OFFICE
HARRISBURG, PA 17101

2021 MAY 28 PM 3: 26

RECEIVED

# EXHIBIT "B"

7040958-3



COPY

## COMMONWEALTH OF PENNSYLVANIA
## COURT OF COMMON PLEAS
## DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| YANIRA BENITEZ BARRETO,<br>**Plaintiff** | §<br>§<br>§ | |
| **v.** | §<br>§ | **NO. 2021-CV-4718-CV** |
| **ANGEL DIAZ, and**<br>**the CITY OF HARRISBURG,**<br>**Defendants** | §<br>§<br>§<br>§ | **JURY TRIAL DEMANDED** |

### NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights importation to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE AN LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

DAUPHIN COUNTY LAWYER REFERRAL SERVICE
213 North Front Street
Harrisburg, PA 17101
(717) 232-7536

COMMONWEALTH OF PENNSYLVANIA
COURT OF COMMON PLEAS
DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| YANIRA BENITEZ BARRETO,<br>Plaintiff | § <br> § <br> § | |
| v. | § <br> § | NO. 2021-CV-4718-CV |
| ANGEL DIAZ, and<br>the CITY OF HARRISBURG,<br>Defendants | § <br> § <br> § <br> § | JURY TRIAL DEMANDED |

## AVISO

USTED HA SIDO DEMANDADO/A EN CORTE. Si usted desea defenderse de las demandas que se presentan más adelante en las siguientes páginas, debe tomar acción dentro de los próximos veinte (20) días después de la notificación de esta Demanda y Aviso radicando personalmente o por medio de un abogado una comparecencia escrita y radicando en la Corte por escrito sus defensas de, y objecciones a, las demandas presentadas aquí en contra suya. Se le advierte que si usted falla de tomar acción como se describe anteriormente, el caso puede proceder sin usted y un fallo por cualquier suma de dinero reclamada en la demanda o cualquier otra reclamación o remedio solicitado por el demandante puede ser dictado en contra suya por la Corte sin más aviso adicional. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE UN ABOGADO, LLAME O VAYA A LA SIGUIENTE OFICINA. ESTA OFICINA PUEDE PROVEERLE INFORMACION ACERCA DE COMO CONSEGUIR UN ABOGADO.

SI USTED NO PUEDE PAGAR POR LOS SERVICIOS DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA LE PUEDA PROVEER INFORMACION SOBRE AGENCIAS QUE OFREZCAN SERVICIOS LEGALES SIN CARGO O BAJO COSTO A PERSONAS QUE CALIFICAN.

DAUPHIN COUNTY LAWYER REFERRAL SERVICES
213 North Front Street
Harrisburg, PA 17101
(717) 232-7536

**LAGUNA REYES MALONEY, LLP**
1119 NORTH FRONT STREET, HARRISBURG, PA 17102
TEL.: (717) 233-5292 / FAX: (717) 233-5394
LRM@STANFORDALUMNI.ORG
ATTORNEYS FOR PLAINTIFF

## COMMONWEALTH OF PENNSYLVANIA
## COURT OF COMMON PLEAS
## DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| YANIRA BENITEZ BARRETO,<br>Plaintiff | § § § | |
| v. | § | NO. 2021-CV-4718-CV |
| ANGEL DIAZ, and<br>the CITY OF HARRISBURG,<br>Defendants | § § § § § | JURY TRIAL DEMANDED |

## COMPLAINT

**AND NOW** comes the Plaintiff, Yanira Benitez Barreto, by and through the

law firm of Laguna Reyes Maloney, LLP, and avers the following:

## PARTIES

1.    Plaintiff, Yanira Benitez Barreto (hereinafter "Ms. Benitez") is an individual

Page -1-

who resides at 320 S. 3rd St., 3rd Floor, Harrisburg, Dauphin County, Pennsylvania 17104.

2.  Defendant Angel Diaz (hereinafter "Mr. Diaz"), is an adult individual who, during all times pertinent to this Complaint, was employed by the City of Harrisburg, at 123 Walnut St. #217, Harrisburg, PA 17101; all of Mr. Diaz's alleged conduct, action and/or inaction complained of below was under color of authority and in his capacity as a sworn police officer of/for the Harrisburg Police Bureau, and within City of Harrisburg Pennsylvania.

3.  Defendant, City of Harrisburg (hereinafter the"City") is a municipality in Pennsylvania with an address of MLK Jr. City Government Center, 10 N. 2nd St. Harrisburg, PA 17101.

## OPERATIVE FACTS

4.  All previous paragraphs are incorporated herein under as if fully set forth.

5.  On or about June 2, 2019, Ms. Benitez was attending a young child's birthday party celebration inside of a private residence (hereinafter the "Home") located 2468 Mercer St., Harrisburg, PA.

6.  Mr. Diaz arrived at that the Home dressed in his Harrisburg City police uniform with badge, utility belt, gun, and assorted equipment given to him by the City.

7. Mr. Diaz entered the Home uninvited and demanded to speak with the Home owner.

8. When the Home owner presented herself, Mr. Diaz demanded that she also show him photo identification.

9. The Home owner obeyed Mr. Diaz' demand; produced and held her identification up at approximately her chest level directly in front of Mr. Diaz so he could see it.

10. Ms. Benitez stood by and observed the incident as it developed; she had committed no crime or infraction and there was no probable cause to suggest otherwise.

11. Mr. Diaz appeared to become angry, pushed swiftly and forcefully through female guests who were observing the exchange when he attempted to quickly snatch the Home owner and knocked one bystander/woman to the ground and struck others, including Plaintiff.

12. As a result, the female guests verbally protested Mr. Diaz' physical force and conduct in the Home and declared that this was police brutality/misconduct which they were all going to complain about to the City.

13. In response, and without reasonable prior warning, Mr. Diaz deliberately un-holstered from his duty belt what appeared to be an aerosol canister of

chemical agent and sprayed the women and Ms. Benitez directly in the eyes from a very close distance.

14. The said chemical agent is deliberately designed to, and did, cause intense pain, blindness, difficulty breathing and emotional panic, among other things, when used by police against an attacker who presents an immediate threat of harm to the police or public.

15. Mr. Diaz very deliberately employed the chemical agent against the women and deliberately sprayed Ms. Benitez in the eyes and face from a distance which was closer than the chemical is designed and intended to be employed safely.

16. Ms. Benitez is permanently blind in one eye.

17. As a direct result, Ms. Benitez, predictably suffered these physical and emotional injuries, and others, including Post Traumatic Stress Disorder; some of the Plaintiff's said injuries are permanent.

18. Mr. Diaz deliberately misused and misapplied the aerosol agent by spraying it directly in the face of several ladies, including the Plaintiff – at close range, almost contact distance, when they were committing no offense nor threatening anyone.

19. Mr. Diaz subsequently caused a felony aggravated assault charge to be filed

against Ms. Benitez when there was no probable cause to support the charge and it was subsequently dismissed by a District Magistrate.

20. The filing of the charge was done in bad faith and as an attempt by Mr. Diaz to justify his earlier use of force against Ms. Benitez, and to discredit her prior claim of police brutality.

21. Ms. Benitez seeks general, compensatory damages and counsel fees for:

a.    her personal injuries alleged above;

b.    Violations/deprivations of her constitutional rights under the First, Fourth and Fourteenth Amendments to the United States Constitution, and Article I of the Pennsylvania Constitution against all Defendants.

22. Plaintiff further seeks punitive damages against Mr. Diaz individually and in his official capacity because he acted maliciously and/or wantonly in violating the Plaintiff's federal and state Constitutional rights and intentionally, recklessly and willfully engaged in reprehensible and outrageous conduct that cannot be tolerated by a civilized society.

## COUNT 1
### Assault and Battery

23. All previous paragraphs are incorporated herein under as if fully set forth.

24. Without the consent of Plaintiff, the Defendant intentionally, harmfully, and

offensively touched Plaintiff by forcibly pushing her and then by deploying a chemical agent directly into her eyes and face under the circumstances described above.

25. As a direct result, Plaintiff suffered the substantial personal injury including past physical and past and future emotional harm described above.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court award judgment in her favor including compensatory and punitive damages, in an amount exceeding that which requires mandatory arbitration, and to grant such other relief, including but not limited to attorney fees, as this Honorable Court deems appropriate.

## COUNT 2
### Excessive Force - Fourth Amendment
### 42 U.S.C. §1983

26. All previous paragraphs are incorporated herein under as if fully set forth.

27. The force used by the Defendant under these circumstances was not objectively reasonable, nor for the purpose of effecting a lawful arrest or for protection from any harm.

28. The force used against the peacefully protesting Plaintiff in this case was completely unnecessary and the arrest was not lawful.

29. Pursuant to the Fourth Amendment of the U.S. Constitution, police officers, such as the Defendant, enjoy a privilege to use force only when it is objectively reasonable force used to effect a lawful arrest.

30. As a direct and proximate cause of all of the Defendant's conduct detailed above, the Plaintiff has and continues to suffer immense physical pain, emotional and physical injuries, including that described above, some or all of which may be permanent, and financial loss.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court award judgment in her favor including compensatory and punitive damages, in an amount exceeding that which requires mandatory arbitration, and to grant such other relief, including but not limited to attorney fees, as this Honorable Court deems appropriate.

## <u>COUNT 4</u>
### False Arrest/False Imprisonment
### 42 U.S.C. §1983

31. All previous paragraphs are incorporated herein under as if fully set forth.

32. The Defendant detained, arrested, assaulted the Plaintiff without probable cause.

33. The Defendant's detention and arrest of the Plaintiff was unlawful.

34. As a direct and proximate cause of the Defendant's actions the Plaintiff had to expend legal fees to defend against the baseless arrest.

35. As a direct and proximate cause of the Defendant's actions, the Plaintiff has and continues to suffer immense physical pain, emotional and physical injuries, fear, and financial loss, including that described above, some or all of which may be permanent.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court award judgment in her favor including compensatory and punitive damages, in an amount exceeding that which requires mandatory arbitration, and to grant such other relief, including but not limited to attorney fees, as this Honorable Court deems appropriate.

## COUNT 5
### Malicious Prosecution
### 42 U.S.C. §1983

36. All previous paragraphs are incorporated herein under as if fully set forth.

37. Defendant initiated criminal charges against the Plaintiff.

38. The prosecution ended in the Plaintiff's favor at the district justice.

39. Defendant did not have probable cause to bring the charges.

40. Defendant had no legal basis to charge the Plaintiff as she was a guest in a

private home committing no crime.

41.   Defendant acted with malicious intent as he had no legal authority to arrest the Plaintiff and the arrest served no legitimate purpose.

42.   As a direct result of Defendant's described conduct, the Plaintiff suffered a deprivation of liberty consistent with the concept of being seized under the U.S. and Pennsylvania Constitutions.

43.   As a direct and proximate cause of the Defendant's actions the Plaintiff had to expend legal fees to defend against the baseless charges.

44.   The conduct of the Defendant, as alleged herein, violated the Plaintiff's rights under the 4th and 14th Amendments to the United States Constitutional to be free from unreasonable seizures, not predicated upon probable cause, and from the excessive use of force.

45.   As a result of the Defendants' conduct, which violated the guarantees afforded the Plaintiff under the U.S. Constitution, the Plaintiff suffered the damages stated herein.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court award judgment in his favor including compensatory and punitive damages, in an amount exceeding that which requires mandatory arbitration, and against all Defendants, and to grant such other relief, including but not limited to attorney fees,

as this Honorable Court deems appropriate.

Respectfully Submitted:

2/19/2021
Dated

Roger R. Laguna, Jr., Esquire
Supreme Court I.D. No.: 75900
Attorney for Plaintiff

LAGUNA REYES MALONEY, LLP
1119 North Front Street
Harrisburg, PA 17102
(717) 233-5292

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Public Access Policy of the *Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Roger R. Laguna, Jr., Esquire
Supreme Court I.D. No.:  75900

## VERIFICATION

I verify that the statements made in Plaintiff's Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein may subject me to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

_____
Yanira Benitez Barreto

# COMMONWEALTH OF PENNSYLVANIA
## COURT OF COMMON PLEAS
### DAUPHIN COUNTY, PENNSYLVANIA

YANIRA BENITEZ BARRETO,
   Plaintiff

  v.

ANGEL DIAZ, and
the CITY OF HARRISBURG,
     Defendants

§
§
§
§
§
§
§
§
§
§

NO. 2021-CV-4718-CV

**JURY TRIAL DEMANDED**

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the Complaint filed in the above-captioned matter upon Defendants' counsel via first-class U.S. mail, addressed as follows:

Fred B. Buck, Esquire
Rawle & Henderson LLP
Payne Shoemaker Building
240 N. Third St., 9th Floor
Harrisburg, PA 17101

7/19/2024
Date

Roger R. Laguna, Jr., Esquire